**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SEAN RUSSELL GREENE,

     Plaintiff,

-vs-

Case No.

LEXISNEXIS RISK SOLUTIONS
INC.,

     Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SEAN RUSSELL GREENE (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, LEXISNEXIS RISK SOLUTIONS INC. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Consumer reporting agencies that create consumer reports, like LexisNexis, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

1

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3.     When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7.     Venue is proper in this District as LexisNexis's principal address is in this District; the violations described in this Complaint occurred in this District; and LexisNexis transacts business within this District.

2

8.     Plaintiff is a natural person and resident of Plymouth County in the State of Massachusetts. He is a "consumer" as defined by the FCRA.

9.     LexisNexis is a corporation headquartered at 1000 Alderman Drive in Alpharetta, Georgia 30005.

10.    LexisNexis is a "consumer reporting agency" as defined in 15 USC § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.    LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.    LexisNexis is one of the largest consumer reporting agencies in the United States today.

13.    Upon information and belief, Plaintiff is a victim of a mixed file.

14.    On or about July 18, 2024, Plaintiff was pre-qualified for a mortgage.

15.    On or about July 20, 2024, Plaintiff received notification through his credit monitoring app which stated a derogatory account was added to his credit report.

16.    Shortly thereafter, Plaintiff reviewed his credit file and observed an account from non-party, GEICO, with a status of collection and a balance of $178.

3

17.    On or about July 22, 2024, Plaintiff contacted GEICO and spoke to representative "Kimberly" who stated the address on the account was in Parkville, Maryland and stated the policy was as to a 2017 Acura RLX. Plaintiff advised he has never lived in Maryland and does not own a 2017 Acura RLX. The GEICO representative advised Plaintiff to file a police report.

18.    On or about July 22, 2024, Plaintiff filed a police report with the Hingham Police Department regarding the fraudulent activity and identity theft.

19.    On or about July 29, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 175512914. In this report, he explained that he was a victim of identity theft.

20.    On or about August 10, 2024, Plaintiff obtained a copy of his LexisNexis consumer report. Upon review, Plaintiff observed his name was incorrectly listed as "Sean Shaqilli Greene" and "Sean S. Greene", a black male, as well as several additional errors including, but not limited to, the errors listed below.

    i.    Social Security number;

    ii.    Date of birth;

    iii.    Five (5) addresses in Maryland and Pennsylvania;

    iv.    One (1) phone number;

    v.    One (1) criminal record;

    vi.    Three (3) insurance policy records; and

vii.   Two (2) driver services records including seventeen (17) driver violations.

21.   Due to the inaccurate reporting, on or about August 23, 2024, Plaintiff mailed a detailed written dispute letter to LexisNexis. Plaintiff advised that he believed he was a victim of a mixed file, and that there were several errors and inaccurate records in his LexisNexis consumer report. In the letter, Plaintiff included an image of his driver's license and Social Security card as proof of identity. In the letter, Plaintiff included images of the erroneous reporting, images of the police report filed with the Hingham Police Department, images of his filed FTC Identity Theft Report, and other supporting documents.

22.   Plaintiff mailed his detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9589 0710 5270 0034 6380 30.

23.   On or about September 30, 2024, Plaintiff received an updated copy of his consumer report from LexisNexis. Upon review, Plaintiff observed his Social Security Number was corrected and seven (7) incorrect driver violation records were removed. However, LexisNexis continued to report Plaintiff as "Sean Shaqilli Greene" and "Sean S. Greene", a black male, and continued to report incorrect addresses, date of birth, phone number, criminal records, and driving records.

24.   LexisNexis failed to do any independent investigation into Plaintiff's disputes.

25.     LexisNexis never attempted to contact Plaintiff during the alleged investigation.

26.     Due to the continued inaccurate reporting, on or about October 21, 2024, Plaintiff mailed a second detailed written dispute letter to LexisNexis. Plaintiff reiterated that he believed he was a victim of a mixed file, and that there were several errors and inaccurate records in his LexisNexis consumer report. In the letter, Plaintiff included an image of his driver's license and Social Security card as proof of identity. In the letter, Plaintiff included images of the erroneous reporting, images of the police report filed with the Hingham Police Department, images of his filed FTC Identity Theft Report, and other supporting documents.

27.     Plaintiff mailed his detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9505 5100 1966 4295 7388 09.

28.     As of the filing of this Complaint, Plaintiff has not received a response to his second detailed dispute letter.

29.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, LexisNexis continues to inaccurately report personal identifying information and several records in Plaintiff's consumer report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

30.     Despite Plaintiff's pleas, LexisNexis has not conducted an actual investigation.

31.     Plaintiff continues to suffer as of the filing of this Complaint with LexisNexis's reluctance to conduct a thorough investigation into his disputes or otherwise make his consumer report accurate.

32.     LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

33.     As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

    i.     Monies lost by attempting to fix his consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis's reluctance to fix the errors; and

    iv.    Apprehensiveness to apply for housing and credit due to LexisNexis's errors.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, LexisNexis Risk Solutions Inc. (Negligent)**

7

34.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

35.     LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

36.     LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

37.     Upon information and belief, LexisNexis allowed for and reported inaccurate information.  LexisNexis failed to have policies and procedures to avoid misreporting personal identifying information, criminal records, and driving records.

38.     Upon information and belief, LexisNexis is aware that it has misrepresented information and records on consumers, yet it fails to enforce proper policies and procedures to prevent such errors.

39.     Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

40.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation,

apprehension in applying for credit, housing, and insurance, and the damages otherwise outlined in this Complaint.

41.     The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

42.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SEAN RUSSELL GREENE, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Solutions Inc. (Willful)

43.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

44.     LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

45.     LexisNexis allowed inaccurate information to be reported on Plaintiff's

consumer file.

46.     Upon information and belief, LexisNexis allowed for and reported

inaccurate information.  LexisNexis failed to have policies and procedures to avoid

misreporting personal identifying information, criminal records, and driving records.

47.     Upon information and belief, LexisNexis is aware that it has

misrepresented information and records on consumers, yet it fails to enforce proper

policies and procedures to prevent such errors.

48.     Upon information and belief, LexisNexis prevents its agents from

calling consumers (like Plaintiff) during the dispute process or from calling

witnesses with knowledge about the dispute.

49.     As a direct result of this conduct, action and/or inaction of LexisNexis,

Plaintiff suffered damages, including without limitation, loss of time; financial loss;

and mental and emotional pain stemming from the anguish, humiliation,

apprehension in applying for credit, housing, and insurance, and the damages

otherwise outlined in this Complaint.

50.     The conduct, action, and/or inaction of LexisNexis was willful,

rendering it liable for actual or statutory damages and punitive damages in an amount

to be determined by the Court pursuant to 15 USC § 1681n.

51.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SEAN RUSSELL GREENE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Solutions Inc. (Negligent)

52.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

53.     After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

54.     Despite the information provided by Plaintiff regarding the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

55.     Plaintiff provided LexisNexis with the information it needed to confirm the records reported were inaccurate. LexisNexis ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his consumer file accurate.

56.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, housing, and insurance, and the damages otherwise outlined in this Complaint.

57.     The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

58.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SEAN RUSSELL GREENE, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff his attorney's fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
## Violation of 15 U.S.C. § 1681i as to
## Defendant, LexisNexis Risk Solutions Inc. (Willful)

59.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

60.     After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

61.     Despite the information provided by Plaintiff regarding the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

62.     Plaintiff provided LexisNexis with the information it needed to confirm the records reported were inaccurate. LexisNexis ignored this information and failed

to conduct a thorough investigation into his disputes or otherwise make his consumer file accurate.

63. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, housing, and insurance, and the damages otherwise outlined in this Complaint.

64. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

65. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SEAN RUSSELL GREENE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SEAN RUSSELL GREENE, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of October 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*